Charles **WIGGINS** and Betty J. **Windrow**,
Plaintiffs-in-error,

v.

**STATE** of Tennessee, Defendant-in-error.

Supreme Court of Tennessee.

Aug. 20, 1973.

James D. Petersen, Franklin, for plaintiffs in error.

David M. Pack, Atty. Gen., William C. Koch, Asst. Atty. Gen., Nashville, J. Alonzo Bates, Dist. Atty. Gen., Centerville, William Don Young, Asst. Dist. Atty. Gen., Franklin, for defendant in error.

## OPINION

HUMPHREYS, Justice.

Defendants where charged in a two-count indictment with petit larceny and concealing stolen property. The jury expressly found both not guilty of petit larceny but guilty of concealing stolen property with a resulting punishment of ten months in the County Jail or County Workhouse. The Court of Criminal Appeals affirmed the judgment of the trial court.

This Court granted certiorari to consider whether, under the facts of this case, the verdict is reversibly inconsistent. Defendants contend that the only factual issue in the case was proof of the theft, and that the proof presented precluded the possibility of the property in question being stolen by any other person or persons other than the defendants. Therefore, the jury having expressly acquitted the defendants of petit larceny, an essential element of concealing stolen property was missing; namely, that the property in question was in fact stolen.

The facts relevant to that issue are as follows: One Hardeman, a customer in a beer tavern, noticed that his wallet which contained $40.00 was missing. He testified that he had placed the wallet on his table after paying for his meal. After becoming aware that the wallet was missing, Hardeman looked for it throughout the place and announced to the people present that it was missing. He became upset, the proprietor summoned the police, and all patrons were requested to remain there until the police arrived.

The police stated that no one would be arrested if whoever had the wallet would throw it on the floor. After no response, they left. Defendant Woodrow then left the tavern. The police observed her placing something behind a nearby gas meter, investigated, discovered the wallet, and placed her under arrest. She testified that the defendant Wiggins had given her

the wallet after the police arrived, that she put it in her boot, that she didn't know what it was until she got outside, and that she then threw it away. She further stated that she knew Hardeman's wallet was missing when Wiggins handed it to her.

Defendant Wiggins testified that he saw the wallet near the table where he was seated and picked it up. At about that time, Hardeman announced that his wallet was missing, and Wiggins did not return it at that time as he thought the people present and Hardeman would think he had taken it thereby causing him embarrassment. He stated that he handed the wallet to his co-defendant before the police arrived. Hardeman further testified that defendant Wiggins told him, after the police left, that he had the wallet, that he had given it to defendant Woodrow, but that she had left the tavern.

In affirming the convictions of the petitioners in this case, we note that the overwhelming authority supports the rule that consistency between verdicts on separate counts of an indictment is not necessary. *See generally,* Anno., 18 ALR 3d 259. We further recognize and note that a small minority of jurisdictions have held that reversible inconsistency results where the verdict acquitting the defendant on one count negates an element essential to the proof of the crime charged in another count as occurred in the case sub judice. See, Anno., 18 ALR 3d 259, § 4(b). We affirm the convictions, however, not on the strength of sheer numbers or majority-minority distinctions, but rather on the reasoning which those majority cases represent.

That reasoning is best expressed in the opinion of the United States Supreme Court in Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932). Therein, Mr. Justice Holmes stated that consistency in the verdicts is not necessary as each count of an indictment is to be regarded as a separate indictment. The Court reasoned that had separate indictments been returned and the cases been separately tried, an acquittal on one could not be pleaded as res judicata of the other even though the same evidence was offered in support of each indictment at trial. *See,* Usary v. State, 172 Tenn. 305, 112 S.W.2d 7 (1937).

Specifically the Court, quoting from Steckler v. United States, 7 F.2d 59 (2d Cir. 1925), stated:

The most that can be said in such cases is that the verdict shows that either in the acquittal or conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt. We interpret the acquittal as no more than an assumption of a power which they had no right to exercise, but to which they were disposed through lenity. Dunn v. United States, supra, 284 U.S. at 393, 52 S.Ct. at 190, 76 L.Ed. at 359.

Further, Mr. Justice Holmes added:

That the verdict may have been the result of compromise, or of a mistake on the part of the jury, is possible. But verdicts cannot be upset by speculation or inquiry into such matters. *Id.* at 394, 52 S.Ct. at 191, 76 L.Ed. at 359.

The instant case is not, strictly speaking, a case of first impression in this state, our courts having spoken on the subject in prior cases. *See,* Peek v. State, 213 Tenn. 323, 375 S.W.2d 863 (1964); Sanders v. State, Tenn.Cr.App., 467 S.W.2d 821 (1971); Wright v. State, 2 Tenn.Cr.App. 95, 451 S.W.2d 707 (1969); Fox v. State, 1 Tenn.Cr.App. 308, 441 S.W.2d 491 (1968). Those cases appear to stand for the proposition that consistency in multiple count verdicts is not necessary.

But, as the instant factual situation is unique, and so that there can be no question as regards the subject, we specifically adopt the reasoning and result of the *Dunn* case. Consistency in ver-

dicts for multiple count indictments is unnecessary as each count is a separate indictment. Therein lies the essential reasoning. An acquittal on one count cannot be considered res judicata to another count even though both counts stem from the same criminal transaction. This Court will not upset a seemingly inconsistent verdict by speculating as to the jury's reasoning if we are satisfied that the evidence establishes guilt of the offense upon which the conviction was returned.

We are satisfied, in the instant case, that the evidence supports both defendant's convictions on concealing stolen property using the criteria set forth in State v. Veach, 224 Tenn. 412, 456 S.W.2d 650 (1970). It results, therefore, that the judgments of the trial court and Court of Criminal Appeals are affirmed.

DYER, C. J., and CHATTIN, McCANLESS and FONES, JJ., concur.