IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

APRIL SESSION, 1998

FILED

April 23, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9707-CC-00310 |
| | ) | |
| Appellee, | ) | BEDFORD COUNTY |
| | ) | |
| | ) | (No. 14041 Below) |
| VS. | ) | |
| | ) | |
| JAMES EARL MASON, | ) | The Hon. William Charles Lee |
| a/k/a JAMES OSCAR MASON, | ) | |
| | ) | (Theft of Property Under $500) |
| Appellant. | ) | |
| | ) | |

FOR THE APPELLANT:
ON APPEAL:

CURTIS H. GANN
Assistant Public Defender

AT TRIAL:

MICHAEL D. RANDLES
Assistant Public Defender
105 South Main
P.O. Box 1119
Fayetteville, TN 37334

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

GEORGIA BLYTHE FELNER
Assistant Attorney General
Cordell Hull Building, Second Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

W. MICHAEL McCOWN
District Attorney General

ROBERT C. CRIGLER
Assistant District Attorney General
One Public Square, Suite 100
Shelbyville, TN 37160

OPINION FILED _____

AFFIRMED

GARY R. WADE, JUDGE

**O P I N I O N**

The defendant, James Earl Mason, who was indicted for both burglary and theft, was convicted of theft of property under $500. The jury assessed a fine of $500, and the trial court sentenced the defendant to 11 months in the county jail. In this appeal of right, the primary issue presented for review is whether the evidence was sufficient to support the defendant's conviction. The defendant also claims that the jury was inconsistent in its verdicts. We affirm the judgment.

The proof showed that on August 14, 1996, Smith's Auto Repair and Rebuild, located in Shelbyville, Tennessee, was burglarized. That night, sometime around 9:30 or 10 p.m., Timmy Freeman was working on his car at Garrett's Auto Sales when he heard a noise that sounded like chain link fence rattling. The noise appeared to be coming from the direction of Smith's Auto Repair and Rebuild and J & J Detail Shop (also known as Sullivan's Detail Shop). When Mr. Freeman went to investigate, he heard the noise again. He then used his cellular phone to call the police. The police arrived, as did Scotty Garrett, the owner of Garrett's Auto Sales. Approximately one hour later, Mr. Garrett was approached by the defendant and another unidentified man. The defendant, who had frequently come by the shop trying to sell things, asked if Mr. Garrett wanted to buy a die grinder. Mr. Garrett asked the defendant where the die grinder came from or if it was "hot," and the defendant responded that Mr. Garrett "didn't have to worry about that. It would never be found." Although Mr. Garrett was suspicious, he purchased the tool from the defendant for $10.

On the morning of August 15, 1997, when David Smith, the owner of Smith's Auto Repair and Rebuild, returned to work, he discovered that the door had been kicked in. Upon inventorying his tools, Mr. Smith determined that several items were missing, including a die grinder, which he estimated to be worth $30 or more. Later that night, Mr. Smith drove around the neighborhood looking for persons with information about the burglary. He stopped at Garrett's Auto Sales and asked Mr. Garrett if he had any

1

information. Mr. Garrett told him about the police coming the previous night and asked what items were missing from Mr. Smith's shop. Upon learning that Mr. Smith was missing a die grinder, Mr. Garrett showed him the one he had purchased from the defendant. Mr. Smith identified the die grinder as the one stolen from his shop, and Mr. Garrett returned it to Mr. Smith, who gave him $10. Mr. Garrett described the person who sold it to him, and Mr. Smith asked if it was the defendant. Mr. Garrett said that it was the defendant. Subsequently, when the police showed Mr. Garrett a photographic line-up, he identified the defendant as the person who sold him the die grinder.

On the day of the burglary, Mr. Smith stopped on his way home from work at a gas station a few streets away from his shop. He saw the defendant with another man, David Ransom, on the street behind the gas station. Earlier in the afternoon, Mr. Ransom had gone up to Mr. Smith's car, which was parked in front of the shop, and leaned on the top of it. When Mr. Smith asked if he could help him with something, Mr. Ransom said no and left.

The defendant denied taking Mr. Smith's die grinder and testified that he found it on the side of the road as he was walking home from a girlfriend's house. According to the defendant, as he was walking home alone, he saw Mr. Garrett at his car lot. He stopped and asked Mr. Garrett if he would like to buy the die grinder. He confirmed that Mr. Garrett asked him if the die grinder was "hot," and that he responded that it could not be found. The defendant indicated that he did not tell Mr. Garrett about finding the die grinder on the side of the road because then Mr. Garrett probably would not have bought it. The defendant also denied being with Mr. Ransom the day of the burglary. Based on the proof, the jury convicted the defendant of theft of property over $500, but acquitted him of burglary.

The defendant argues that the circumstantial evidence is insufficient to support his conviction because he provided a reasonable explanation as to how he came into possession of the stolen property and the state failed to produce any evidence to

2

refute his claim. Moreover, the defendant submits that the jury's verdict was inconsistent, in that the jury found him guilty of theft but not guilty of burglary. The defendant argues that in order to have committed the theft, he would have also had to have committed the burglary.

Initially, we note that there is no requirement of consistency in a jury verdict. Wiggins v. State, 498 S.W.2d 92, 93-94 (Tenn. 1973); State v. Gennoe, 851 S.W.2d 833, 836 (Tenn. Crim. App. 1992); State v. Hicks, 835 S.W.2d 32, 36 (Tenn. Crim. App. 1992). An acquittal on one count of an indictment cannot be considered res judicata to another count even when both counts stem from the same criminal transaction. Wiggins, 498 S.W.2d at 94; Gennoe, 851 S.W.2d at 836. If satisfied that the proof established guilt of the offense upon which the conviction was returned, this Court will not upset a seemingly inconsistent verdict by speculating as to the jury's reasoning. Wiggins, 498 S.W.2d at 94. Accordingly, the only issue is whether the evidence supports the defendant's conviction of theft.

In reviewing the sufficiency of the evidence on appeal, the state is entitled to the strongest legitimate view of the evidence and to all reasonable inferences which might be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 836 (Tenn. 1978). When the sufficiency of the evidence is challenged, the relevant question for the appellate court is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983); T.R.A.P. 13(e).

As in this case, a crime may be established by circumstantial evidence. State v. Tharpe, 726 S.W.2d 896, 899-900 (Tenn. 1987). Before an accused may be convicted of a criminal offense based upon circumstantial evidence, the facts and the circumstances "must be so strong and cogent as to exclude every other reasonable hypotheses save the guilt of the defendant, and that beyond a reasonable doubt." State v. Crawford, 225 Tenn.

3

478, 482, 470 S.W.2d 610, 612. "A web of guilt must be woven around the defendant from which he cannot escape and from which facts and circumstances the jury could draw no other reasonable inference save the guilt of the defendant beyond a reasonable doubt." Id. at 484, 470 S.W.2d at 613.

In order to obtain a conviction of theft of property under T.C.A. § 39-14-103, the state must prove beyond a reasonable doubt the following essential elements: (1) that the defendant intended to deprive the owner of the property, (2) that the defendant knowingly obtained or exercised control over the property of another, and (3) that the defendant did not have the owner's effective consent. It is undisputed that the defendant knowingly obtained control over the die grinder and that he did not have Mr. Smith's effective consent. The defendant admitted that he was in possession of the die grinder and that he sold it to Mr. Garrett. Moreover, Mr. Smith testified that he did not consent to the defendant taking possession of the die grinder. In essence, the defendant argues that he did not knowingly obtain or exercise control over the property of another because he did not know that the die grinder belonged to Mr. Smith.

At trial, the defendant testified that on the night of the burglary, he found the die grinder on the side of the road and picked it up. The unexplained possession of goods recently stolen may warrant the inference that such goods were illegally received and so impose on the accused the obligation of accounting for their possession "in a straightforward, truthful way." Tackett v. State, 223 Tenn. 176, 443 S.W.2d 450, 451 (Tenn. 1969). In Tennessee, an unsatisfactorily explained possession of very recently stolen property may, in light of surrounding circumstances, support a conviction for theft. See State v. Hatchett, 560 S.W.2d 627, 629 (Tenn. 1978). This inference of guilt remains intact notwithstanding contradictory evidence and the defendant's explanations. State v. Land, 681 S.W.2d 589, 591 (Tenn. Crim. App. 1984). It is within the discretion of the jury to weigh the import of the inference against the defendant's explanation. Bush v. State, 541 S.W.2d 391, 395 (Tenn. 1976). The defendant, in this case, attempted to explain his possession of the die grinder, however, as evidenced by the jury's verdict, they chose not

4

to accredit his explanation. Accordingly, based on this inference and the surrounding circumstances of this case, this Court concludes that the jury had sufficient facts from which they could rationally infer that the defendant intended to deprive the owner of his property. T.R.A.P. 13(e). Finding that the evidence is sufficient to support the jury's verdict, we affirm the judgment.

_____
GARY R. WADE, JUDGE

CONCUR:

_____
THOMAS T. WOODALL, JUDGE

_____
TERRY L. LAFFERTY, SPECIAL JUDGE