# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## JULY 1999 SESSION

FILED

August 12, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 03C01-9808-CR-00299 |
| Appellee, | ) | |
| | ) | ROANE COUNTY |
| VS. | ) | |
| | ) | HON. E. EUGENE EBLEN, |
| DONALD SCHWEITZER, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Fraudulent Insurance Claim) |

FOR THE APPELLANT:

CHARLES B. HILL II
P. O. Box 852
Kingston, TN 37763

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General and Reporter

MARVIN S. BLAIR, JR.
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

CHARLES E. HAWK
District Attorney General

DENNIS W. HUMPHREY
Assistant District Attorney General
P. O. Box 703
Kingston, TN 37763-0703

OPINION FILED: _____

AFFIRMED

JOE G. RILEY,
JUDGE

**O P I N I O N**

Defendant, Donald Schweitzer, was convicted by a Roane County jury of the offense of filing a fraudulent insurance claim under $500 in value, a Class A misdemeanor. In this appeal as of right, the sole issue is whether the evidence was sufficient to support the verdict. We **AFFIRM** the judgment of the trial court.

**FACTS**

The state's proof revealed that on September 5, 1996, the trailer in which defendant resided was deliberately set on fire and damaged. A neighbor testified that defendant's girlfriend left the trailer shortly before the defendant left the trailer. The neighbor heard an "explosion sound" between 2:00 and 3:00 p.m. almost immediately after the defendant left the trailer, and she saw a "reddish-orange glow" in the trailer window. She observed the defendant remain in his truck just outside his driveway.

Another neighbor testified that she passed the defendant while defendant was leaving the neighborhood at approximately 3:00 p.m. She observed him looking back toward the trailer which was smoking.

One of the neighbors reported the fire to the authorities. The first person to respond was a deputy/volunteer fire chief who arrived at approximately 3:15 p.m.

The insurance investigator and an investigator from the state fire marshall's office testified that the fire was caused by a flammable liquid poured on the floor which was ignited at the back door. It is undisputed that the fire had been deliberately set.

2

The local insurance agent testified that the defendant came to his office, reported the loss, and filed a claim. The local agent then filed the claim with a claims representative.

The defendant testified that he left the residence at 2:00 or 2:30 p.m. and did not set the fire. Other witnesses testified that the defendant was at the Bane residence, a considerable distance from the defendant's trailer, at approximately 3:00 p.m. Another neighbor saw the defendant at approximately 2:30 p.m. at her residence just down the street from the defendant's trailer.

The defendant's expert witness agreed that the fire had been intentionally set but believed the point of origin was different from that described by the other two expert witnesses.

Based upon the evidence introduced at trial, the jury acquitted the defendant of arson but convicted him of filing a fraudulent insurance claim valued at $500 or less.

## SUFFICIENCY OF THE EVIDENCE

Defendant contends the evidence is insufficient to support the guilty verdict. We respectfully disagree.

In determining the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). A jury verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). On appeal, the state is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences which may be drawn therefrom. *Id.* This Court will not disturb

3

a verdict of guilt due to the sufficiency of the evidence unless the defendant demonstrates that the facts contained in the record and the inferences which may be drawn therefrom are insufficient, as a matter of law, for a rational trier of fact to find the accused guilty beyond a reasonable doubt. State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996). Accordingly, it is the appellate court's duty to affirm the conviction if the evidence, viewed under these standards, was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 317, 99 S.Ct. 2781, 2789, 61 L. Ed.2d 560 (1979); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994).

Any person who intentionally presents or causes to be presented a false or fraudulent insurance claim for the payment of a loss commits the offense of filing a fraudulent insurance claim, which is punishable as in the case of theft. *See* Tenn. Code Ann. § 39-14-133. Looking at the evidence in a light most favorable to the state, as we are required to do, the evidence is more than sufficient to support the guilty verdict. It was undisputed that the fire was deliberately set. The defendant was seen leaving the trailer just prior to an "explosion." He remained in his vehicle outside his driveway for a time and was seen looking back toward the smoking trailer as he drove from the community. He reported the loss and filed a claim with the local insurance agent. It was for the jury to determine the credibility of the witnesses. The jury, by its verdict, accredited the state's theory that the defendant intentionally presented or caused to be presented a fraudulent insurance claim. This was the jury's prerogative. Furthermore, the jury's acquittal of arson is irrelevant. There is no requirement of consistency in a jury verdict. Wiggins v. State, 498 S.W.2d 92, 93-94 (Tenn. 1973).

For these reasons, we conclude the evidence was sufficient to support the verdict of guilt and **AFFIRM** the judgment of the trial court.

4

_____
JOE G. RILEY, JUDGE


CONCUR:


_____
GARY R. WADE, PRESIDING JUDGE


_____
DAVID H. WELLES, JUDGE