IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs July 11, 2001

## STATE OF TENNESSEE v. QUINCY DAVIS

**Direct Appeal from the Criminal Court for Shelby County**
**No. 99-07827     Chris Craft, Judge**

---

**No. W2000-01399-CCA-R3-CD  - Filed August 10, 2001**

---

The defendant and his four co-defendants were indicted for the aggravated robbery of a convenience store in Memphis. He was convicted of this offense, while a co-defendant was convicted for robbery. The defendant was sentenced to ten years in the Tennessee Department of Correction. The defendant appealed his conviction, asserting as the single assignment of error that the verdicts were inconsistent, and, therefore, his conviction could not stand. Based upon our review, we affirm the judgment of conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and JERRY L. SMITH, JJ., joined.

Gerald Stanley Green, Memphis, Tennessee, for the appellant, Quincy Davis.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; William L. Gibbons, District Attorney General; Karen Cook, Assistant District Attorney General; and Greg Gilluly, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

The defendant, Quincy Davis, and a co-defendant, Kemon Johnson, were tried jointly for the robbery of a Griffin Express convenience store in Memphis. The facts of the crime are not complicated.

Between 1:00 and 1:30 a.m. on March 12, 1999, the clerk on duty at the store observed a young man, wearing an NFL-type jacket and a hood over his face, come into the store. She paid particular attention to him because his clothing was not appropriate for the weather. As he spoke with her and was counting his money to buy candy, four other young men, each obscuring his face with a torn T-shirt, entered the store. The clerk was ordered to get down behind the counter, which

she did. She rose back up and saw the members of the group had their hands in their pockets, apparently with pistols in their hands.

Three of the men went to an ATM machine in the store and dragged it to the door, assisted by the first man. They loaded the machine into their van and departed. The clerk called 911 to report the robbery.

Officer Rachelle Barham of the Memphis Police Department heard the call regarding the robbery on her radio and went to a location where she thought she might intercept the van. She then observed a van, which matched the broadcasted description, approaching her with a large object protruding from its open side door. As she tried to stop the van, it pulled behind a Sonic Drive-In, the occupants fleeing from it. The occupant whom she chased and captured was the defendant Quincy Davis, who was wearing a red and black Chicago Bulls jacket. He told her at first that there was no gun involved and then said that he was forced to participate, the others putting a gun to his head. Later, he told Sergeant Bart Ragland of the Memphis Police Department that he had been in the store with the group and had kicked the door to get out, his face covered with a white T-shirt. In a separate statement, the co-defendant, Kemon Johnson, admitted that he was the person who had entered the store first, pretending to buy a piece of candy.

Neither of the defendants testified at the trial or presented any proof. Quincy Davis was convicted of aggravated robbery and the co-defendant, Kemon Johnson, was convicted of robbery.

## ANALYSIS

The sole issue on appeal is the alleged disparity in the sentences, the defendant claiming that he and the co-defendant had "equal criminal liability" and that the convictions for two different offenses are evidence of "the jury's misunderstanding and misapplication of the law." We will consider this argument.

There is no requirement for consistency in verdicts. As stated by the United States Supreme Court:

> Inconsistency in a verdict is not a sufficient reason for setting it aside. We have so held with respect to inconsistency between verdicts on separate charges against one defendant, *Dunn v. United States,* 284 U.S. 390, 52 S. Ct. 189, 76 L. Ed. 356 (1932), and also with respect to verdicts that treat codefendants in a joint trial inconsistently, *United States v. Dotterweich,* 320 U.S. 277, 279, 64 S. Ct. 134, 135, 88 L. Ed. 48 (1943).

Harris v. Rivera, 454 U.S. 339, 345, 102 S. Ct. 460, 464, 70 L. Ed. 2d 530 (1981) (footnotes omitted).

This court has applied the same principles in a variety of situations. In <u>State v. Hayes</u>, 7 S.W.3d 52, 57 (Tenn. Crim. App. 1999), a defendant argued that his conviction for facilitation of robbery could not stand because his co-defendant had been convicted of aggravated robbery:

> Finally, Reginald Hayes contends that his conviction for facilitation of robbery is inconsistent with his brother's conviction for aggravated robbery and that his conviction for facilitation should therefore be reversed. He argues that the jury could not have found him guilty of assisting a robbery when it concluded that Carlos Hayes committed an aggravated robbery. In essence, Defendant asserts that when Carlos committed an aggravated robbery, he did not commit a robbery; and this issue entirely lacks merit.

> The State correctly cites our supreme court's decision in *Wiggins v. State*, 498 S.W.2d 92 (Tenn. 1973), that consistency of verdict is not required, so long as "the evidence establishes guilt of the offense upon which the conviction was returned." *Id.* at 94. This Court recently reaffirmed the principle in *State v. Tony Scott Walker*, No. 02C01-9704-CC-00147, 1997 WL 746433, at *3-*5 (Tenn. Crim. App., Jackson, Dec. 3, 1997). We are convinced that a verdict of guilt for facilitation of robbery was within the purview of the jury, and we therefore affirm the conviction on this count.

Here, there was sufficient evidence of the defendant's committing aggravated robbery, as well as of the differing participation in the crime of the defendant and his co-defendant who was convicted of robbery. The defendant entered the store with three others, all with their faces obscured with torn T-shirts, and they moved the ATM machine into their van, the members of the group at least pretending to be armed. In contrast, the co-defendant entered the store first, presumably to determine, utilizing a torn-worn phrase, "if the coast was clear." Thus, there were reasons why the jury could have differentiated between the guilt of the two defendants tried jointly. However, even had this not been so, the verdict could still stand as to the appealing defendant, for there was abundant proof of his guilt as to aggravated robbery, and consistency in verdicts as to the defendant and his co-defendant is not required.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE