IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs July 9, 2003

## STATE OF TENNESSEE v. JAMES A. McCURRY

**Direct Appeal from the Circuit Court for Madison County**
**No. 02-119     Roy B. Morgan, Jr., Judge**

_____

**No. W2002-02870-CCA-R3-CD  - Filed November 26, 2003**

_____

The defendant was charged with driving on a revoked license and misdemeanor evading arrest. The jury found him not guilty of driving on a revoked license and guilty of evading arrest. The defendant contends on appeal that the evidence was insufficient to support the verdict. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ROBERT W. WEDEMEYER, J., joined.

George M. Googe, District Public Defender, and Stephen P. Spracher, Assistant District Public Defender, for the appellant, James A. McCurry.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Jody S. Pickens, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant, James A. McCurry, was charged with driving on a revoked license and misdemeanor evading arrest. A jury found the defendant not guilty of driving on a revoked license, but did find him guilty of misdemeanor evading arrest. The defendant timely filed his notice of appeal. The defendant contends on appeal that the evidence is insufficient to support the conviction for evading arrest. The judgment of the trial court is affirmed.

**Facts**

Officer Julian Wiser testified that while on patrol during the evening hours of December 5, 2001, he spotted the defendant driving a vehicle that the officer passed going in the opposite

direction. Officer Wiser was aware that the defendant had an outstanding warrant for a probation violation at that time. The officer turned his car around and followed the vehicle for approximately two blocks. The suspect vehicle turned into a driveway, and the officer pulled in behind the vehicle. Officer Wiser did not activate his blue lights or siren at any time. The driver exited the vehicle and ran. Officer Wiser got out of his patrol car and exclaimed, "stop Ant."[1] The officer chased the suspect on foot but did not apprehend him at that time. Officer Wiser returned to his vehicle approximately thirty minutes after the chase had begun. He then ran the license plate of the abandoned vehicle and discovered that it was registered to the defendant's mother. The defendant was arrested at a later date and charged with driving on a revoked license and misdemeanor evading arrest.

The defendant testified that he was a passenger in the vehicle and not the driver. He stated that after the officer chased the driver, he got out of the car and walked into the house where the vehicle was parked. The defendant testified that the radio was playing in the car, and he did not hear the officer call out his name. He said that at the time of this incident, he knew that he had an outstanding warrant for his arrest.

At trial, it was stipulated that on the date of this incident, the defendant's driver's license was revoked, and he had an outstanding arrest warrant. The jury found the defendant not guilty of driving on a revoked license, but found him guilty of misdemeanor evading arrest.

**Analysis**

The defendant contends on appeal that the evidence was insufficient to support the conviction for evading arrest. It was undisputed that the defendant's driver's license was revoked at the time of this incident. Therefore, he submits that the only question for the jury regarding the driving on a revoked license charge was whether the defendant was driving the vehicle. He argues that based on the jury's finding of not guilty, the jury found that he was not the driver of the vehicle. Hence, he was not the person the officer was chasing and attempting to arrest. Additionally, his leaving the car and entering the house was not evading arrest because the officer had not commenced an arrest of the defendant.

When a defendant challenges the sufficiency of the evidence, we review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the State. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. Id. The relevant question the reviewing court must answer is whether any rational trier of fact could have found the

---

[1]The defendant testified that his street name is "Ant Banks."

accused guilty of every element of the offense beyond a reasonable doubt. See Tenn. R. App. P. 13(e); Harris, 839 S.W.2d at 75.

In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." See Tuggle, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence in evaluating the convicting proof. State v. Morgan, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." Matthews, 805 S.W.2d at 779. While the trier of fact must able to "determine from the proof that all other reasonable theories except that of guilt are excluded," a criminal offense may be established exclusively by circumstantial evidence. State v. Jones, 901 S.W.2d 393, 396 (Tenn. Crim. App. 1995); see also, e.g., State v. Tharpe, 726 S.W.2d 896, 899-900 (Tenn. 1987).

With these principles in mind, we turn to the statutory definition of evading arrest. According to Tennessee Code Annotated section 39-16-603, "it is unlawful for any person to intentionally flee by any means of locomotion from anyone the person knows to be a law enforcement officer if the person: (A) knows the officer is attempting to arrest the person; or (B) has been arrested." Tenn. Code Ann. § 39-16-603 (a)(1)(A), (B). Applying this definition to the facts of the instant case, we conclude that the evidence is sufficient to support the defendant's conviction.

The defendant concedes in his brief that seemingly inconsistent verdicts are not grounds for reversal if there is sufficient evidence to establish guilt of the convicted offense. See Wiggins v. State, 498 S.W.2d 92, 94 (Tenn. 1973), State v. Hayes, 7 S.W.3d 52, 56 (Tenn. Crim. App. 1999). "Consistency in the verdicts is not necessary as each count of an indictment is to be regarded as a separate indictment." Wiggins, 498 S.W.2d at 93 (citing Dunn v. United States, 284 U.S. 390, 52 S. Ct. 189, 76 L. Ed. 356 (1932)).

It is clear from the record that Officer Julian attempted to arrest the driver of the vehicle, whom he identified as the defendant. The vehicle involved in this incident was registered to the defendant's mother. The officer knew the defendant previously and was aware that the defendant had an outstanding arrest warrant. The defendant testified that he knew he had an outstanding arrest warrant on the night of this incident. The defendant ran and ignored the officer's command to stop. It was reasonable for the jury to find that the defendant knew the officer was attempting to arrest him, because the officer commanded the defendant to stop using his street name and the defendant knew that he had an outstanding warrant. The evidence was sufficient to support the conviction.

**Conclusion**

Based on the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE