IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE


**RICKY H. KRANTZ v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Wayne County**
**No. 94-A-21    Robert Holloway, Judge**

---

**No. M2003-02819-CCA-R3-HC - Filed November 12, 2004**

---

The Petitioner, Ricky H. Krantz, appeals from the dismissal of his petition for the writ of habeas corpus. The State has filed a motion requesting that the Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. We find the State's motion has merit. Accordingly, the motion is granted and the appeal is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**


ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES, and JERRY L. SMITH, JJ, joined.

Ricky H. Krantz, pro se, Nashville, Tennessee.

Paul G. Summers, Attorney General and Reporter; Helena W. Yarbrough, Assistant Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

On February 24, 1994, a Davidson County jury convicted the Petitioner of felony murder and aggravated assault as a lesser-included offense of attempted first degree murder. The Petitioner was sentenced to life imprisonment for the felony murder conviction and seven years for the aggravated assault conviction, to be served consecutively. This Court affirmed the convictions on appeal. State v. Ricky Hill Krantz, No. 01C01-9406-CR-00207, 1998 WL 3621 (Tenn. Crim. App., at Nashville, Jan. 7, 1998), *perm. to appeal granted* (Tenn. Oct. 11, 1999), see State v. Krantz, No. M1999-02437-CCA-RM-CD, 2000 WL 59915 (Tenn. Crim. App., at Nashville, Jan.20, 2000) (remanded on other grounds), *perm. to app. denied* (Tenn. Sept. 18, 2000). The Petitioner filed a petition for post-conviction relief, alleging that he received ineffective assistance of counsel. The trial court, after an evidentiary hearing, denied relief, and this Court affirmed the judgment on appeal. See Krantz v.

State, No. M2002-02978-CCA-R3-PC, 2004 WL 367723, (Tenn. Crim. App., at Nashville, Feb. 27, 2004), *perm. to app. denied* (Tenn. June 1, 2004).

On August 6, 2003, the Petitioner filed, pro se, a petition for writ of habeas corpus relief in the Wayne County Circuit Court. He contends that the judgment entered is void as the trial court was without jurisdiction to enter judgment against the Petitioner. In support of this allegation, the Petitioner asserts that his felony murder conviction is void because he was acquitted of the underlying felony of attempted first degree murder. Further, the Petitioner asserts that his convictions are void because the trial judge failed to sign the court minutes. On September 11, 2003, the trial court issued an order dismissing the Petitioner's writ of habeas corpus. The Petitioner filed his notice of appeal in the trial court on September 30, 2003.

The grounds upon which a writ of habeas corpus may be issued are very narrow. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). A writ of habeas corpus is available only when it appears from the face of the judgment or record that either the convicting court was without jurisdiction to convict or sentence the petitioner, or the petitioner's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may only be sought when the judgment is void, not merely voidable. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999).

The Petitioner has failed to set forth any allegations that would indicate that the trial court lacked jurisdiction to convict or sentence him or that he is unlawfully "restrained" for a sentence that has expired. The Petitioner asserts that in order for his felony murder conviction to stand, he must have been convicted of the underlying felony. Further, the Petitioner contends that he could not have been convicted of felony murder because aggravated assault is not an enumerated felony in the felony murder statute. Our Supreme Court has held "[c]onsistency in verdicts for multiple count indictments is unnecessary as each count is a separate indictment." Wiggins v. State, 498 S.W.2d 92, 93-94 (Tenn. 1973). A conviction will be upheld if "the evidence establishes guilt of the offense upon which the conviction was returned." Id. Therefore, the Petitioner's conviction for felony murder is not void because he was separately convicted of aggravated assault as a lesser included offense of attempted first degree murder.

The Petitioner further asserts that his judgment is void because the judge did not sign the court minutes as required by Tennessee Code Annotated section 16-1-106(a). Although there is no evidence that the judge signed the minutes, the record shows that, on the date the verdict was returned, the judge's mark is the last entry of the minutes. Further, this Court has held that the requirements of Tennessee Code Annotate section 16-1-106(a) are directory and not mandatory. See Johns v. State, No. E1999-00260-CCA-R3-CD, 2000 WL 262901 at *2 (Tenn. Crim. App., at Nashville, March 9, 2000), *perm. to app. denied* (Tenn. Sept. 11, 2000). This Court has consistently held that the failure of a judge to sign the court minutes does not void the underlying judgments. See Johns, 2000 WL 262901 at *2; see also Duboise v. State, 290 S.W.2d 646, 647 (Tenn. 1956). The record does not contain any evidence to support the Petitioner's contention and, based upon the record before us, there is no proof that Petitioner's sentence has expired. Petitioner has failed to

establish by a preponderance of the evidence that his conviction is void or his term of imprisonment has expired.

Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROBERT W. WEDEMEYER, JUDGE