IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs October 6, 2015


**STATE OF TENNESSEE v. MIQWON LEACH**

**Appeal from the Circuit Court for Obion County**
**No. 9-162     Jeff Parham, Judge**

_____

**No. W2015-00786-CCA-R3-CD  -  Filed October 13, 2015**
_____

Miqwon Leach, the Defendant, filed pro se a Motion for Correct of an Illegal Sentence pursuant to Tennessee Rule of Criminal Procedure 36.1.  The trial court found the motion failed to state a colorable claim and summarily dismissed the motion.  We affirm.

**Tenn. R. App. P.3; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J. and CAMILLE R. MCMULLEN, JJ., joined.

Miqwon Leach, Henning, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Ahmed A. Safeeullah, Assistant Attorney General; Thomas A. Thomas, District Attorney General, Jim Cannon, Assistant District Attorney General, for the Appellee, State of Tennessee.


**OPINION**

*Factual and Procedural Background*

The Defendant, and two co-defendants, Clarence Gatson and Mario Thomas, were charged with conspiracy to commit first degree murder, first degree felony murder, and first degree premeditated murder for the death of Zachary Demond Achols.  State v. Clarence Carnell Gaston, Miqwon Deon Leach, and Mario Deangalo Thomas, No. W2001-02046-CCA-R3-CD, 2003 WL 261941, at *1 (Tenn. Crim. App. Feb. 7, 2003), perm. app. denied (Tenn. Sept. 2, 2003).

They were convicted of first degree felony murder and the lesser-included offenses of conspiracy to commit second degree murder and second degree murder. Id. The Defendant was sentenced to concurrent sentences of life without possibility of parole for first degree felony murder and eight years for the conspiracy to commit second degree murder. Id. The second degree murder conviction was merged into the first degree felony degree murder conviction. Id. This court affirmed the convictions on appeal, and the Tennessee Supreme Court denied permission to appeal. Id.

The Defendant subsequently filed his first petition for habeas corpus relief, alleging that his convictions were void "because (1) the trial court lacked jurisdiction to read the jury charges submitted during the trial, (2) the trial court gave erroneous and unclear law in the jury charge prejudicing the [Defendant], and (3) the trial court lacked jurisdiction to sentence." Miqwon Leach v. State, No. W2044-02336-CCA-R3-HC, 2005 WL 1249032, at *1 (Tenn. Crim. App. May 25, 2005), perm. app. denied (Tenn. Dec. 5, 2005). The habeas corpus court denied relief, and this court affirmed the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Id. at *2.

The Defendant also filed a petition for post-conviction relief, alleging the following deficiencies in the trial proceedings: (1) he was denied his constitutional right to testify; (2) his rights under the Interstate Compact on Detainers were violated; and (3) his trial counsel rendered ineffective assistance. Miqwon Leach v. State, No. W2004-01702-CCA-R3-PC, 2005 WL 1651654, at *1 (Tenn. Crim. App. Jul. 14, 2005), perm. app. denied (Tenn. Dec. 5, 2005). This court affirmed the post-conviction court's denial of relief. Id. at *10.

In March 2012, the Petitioner filed a second petition for writ of habeas corpus alleging two grounds for relief: "(1) that conspiracy to commit second degree murder is a nonexistent offense, thus the trial court lacked jurisdiction to sentence [the Defendant] thereon; and (2) that [the Defendant] was sentenced in contravention of our supreme court's holding in State v. Buggs, [995 S.W.2d 102 (Tenn. 1999)]." Miqwon Leach v. Dwight Barbee, No. W2012-00652-CCA-R3-HC, 2012 WL 3966711, at *2 (Tenn. Crim. App. Sept. 11, 2012), perm. app. denied (Tenn. Feb. 12, 2013). This court affirmed the habeas corpus court's denial of relief. Id. at *4. Specifically, this court held that there was no merit to the Defendant's claim that conspiracy to commit second degree murder was not a cognizable offense. Id. at *3. As to the Petitioner's second claim, this court stated:

> [The Defendant's] assertion that second degree murder is not a
> predicate felony underlying the offense of felony murder would
> render his conviction voidable, not void. [The Defendant] had failed

2

to include copies of the indictments in this case. From the record of the habeas corpus proceedings, this court is unable to ascertain the predicate felony with which he was charged in the felony murder indictment. [The Defendant] is not entitled to relief on this issue.

Id. at *4.

In his instant Rule 36.1 motion, the Defendant argues that "[c]onspiracy to commit second degree murder is not an underlying felony to support a felony murder conviction and thus the sentence for first degree felony murder is in direct contravention to an applicable statute, specifically T.C.A. § 39-13-202 and [is] thereby an illegal sentence." The Defendant claims that the State's theory of the case was that he intended to kill another person, Jeff Young, but Mr. Achols, an innocent bystander was killed instead. Therefore, he asserts that the underlying felony for his felony first degree murder conviction was the first degree murder or attempted first degree murder of Mr. Young. The Defendant asserts that, because the jury convicted him of second degree murder and conspiracy to commit second degree murder the jury rejected the State's theory that the Defendant attempted to kill Jeff Young with premeditation. Accordingly, the Defendant contends that he did not commit one of the enumerated underlying felonies, and as such, his "sentence for first-degree felony murder is in direct contravention [with Tennessee Code Annotated section 39-13-202(a)(2)] since there is no underlying predicate felony that is required by statute" and is thereby illegal.

The trial court summarily dismissed the Defendant's Rule 36.1 motion, stating:

> The [Defendant] complains that his sentence is illegal because, as he states, he was found guilty of second degree murder which is not a predicate felony for a First Degree (Felony) Murder conviction. However, the [Defendant] was originally charged in Count 2 of the Indictment with the unlawful and felonious killing of Zachary Demond Achols in the attempted perpetration of and while intending to commit first degree murder. The record is clear that the [Defendant] and his Co-Defendants intended to kill another individual, Jeff Young, and in that attempt did actually kill the victim, Mr. Achols.

This timely appeal followed.

*Analysis*

On appeal, the Defendant argues his Rule 36.1 motion presented a colorable claim and the trial court erred in summarily dismissing his motion without appointing counsel and holding an evidentiary hearing.

Tennessee Rule of Criminal Procedure 36.1 provides in pertinent part that

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

Tenn. R. Crim. P. 36.1(a)-(b). Although the term "colorable claim" is not defined in Rule 36.1, this court has adopted the following definition from the post-conviction context: "A colorable claim is a claim . . . that, if taken as true, in the light most favorable to the [appellant], would entitle [appellant] to relief . . . ." State v. David Morrow, No. W2014-00338-CCA-R3-CO, 2014 WL 3954071, at *2 (Tenn. Crim. App. Aug. 13, 2014) (quoting Tennessee Supreme Court Rule 28, § 2(H)) (internal quotation marks and citation omitted).

In this case, we note that in the direct appeal, the Defendant's co-defendant, Mario Thomas, raised the same issue raised by the Defendant in this proceeding, arguing "that by finding [Mr. Thomas] guilty of the lesser offenses of conspiracy to commit second degree murder and second degree murder, the jury necessarily rejected the State's theory that he was attempting to commit first degree premeditated murder at the time the victim was killed, thereby invalidating his conviction for first degree murder." Clarence Carnell Gaston, Miqwon Deon Leach, and Mario Deangelo, 2003 WL 261941, at *13. This court rejected Mr. Thomas's argument, stating, "[O]ur supreme court has long held that consistency between verdicts on separate counts of an indictment is not required in Tennessee. . . 'This [c]ourt will not upset a seemingly inconsistent verdict by

4

speculating as to the jury's reasoning if we are satisfied that the evidence establishes guilt of the offense upon which the conviction was returned.'" Id. (quoting Wiggins v. State, 498 S.W.2d 92, 93-94 (Tenn. 1973)). On direct appeal, the Defendant challenged the sufficiency of the evidence underlying his convictions and this court affirmed his convictions on direct appeal.

Rule 36.1 provides a procedure for correcting an illegal sentence. Although the Defendant insists that he is actually challenging his sentence, it is clear he is challenging his conviction. Rule 36.1 provides "an avenue for correcting allegedly illegal *sentences*. The Rule does *not* provide an avenue for seeking the reversal of *convictions*." State v. Jimmy Wayne Wilson, No. E2013-02354-CCA-R3-CD, 2014 WL 1285622, at *2 (Tenn. Crim. App. Mar. 31, 2014), perm. app. denied (Nov. 19, 2014). Here, it is clear that the Defendant "has not set forth a colorable claim that his *sentence*, rather than his *conviction*, is illegal, and his reliance upon Rule 36.1, therefore, is misplaced." See id.

*Conclusion*

The Defendant's Rule 36.1 motion fails to state a colorable claim. We affirm the trial court's summary dismissal of the motion.

_____
ROBERT L. HOLLOWAY, JR., JUDGE