# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

Assigned on Briefs October 5, 2021

## STATE OF TENNESSEE v. LESTER LEE DOYLE

**Appeal from the Circuit Court for Benton County**
No. 19-CR-51      Charles C. McGinley, Judge

_____

## No. W2021-00193-CCA-R3-CD

_____

The Benton County Grand Jury indicted Defendant, Lester Lee Doyle, for second offense driving under the influence of an intoxicant or drug ("DUI") (Count One), violation of the implied consent law (Count Two), failure to illuminate the registration plate of his vehicle at all times when the headlights are illuminated (Count Three), and failure to maintain his vehicle as nearly as practicable entirely within a single lane of a roadway divided into two or more lanes for traffic (Count Four). Following trial, the jury found Defendant guilty of DUI in Count One and not guilty of the traffic offenses in Counts Three and Four. On appeal, Defendant argues that because the jury found Defendant not guilty on Counts Three and Four, there was no reasonable suspicion to stop Defendant and therefore Defendant is entitled to a new trial or a reversal of the DUI conviction. Following a thorough review of the record and applicable law, we affirm the judgments of conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ROBERT W. WEDEMEYER, J., joined.

Robert T. Keeton III, Huntingdon, Tennessee, for the appellant, Lester Lee Doyle.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; Matthew F. Stowe, District Attorney General; and Rebecca D. Griffey, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Tennessee Highway Patrol ("THP") Trooper Douglas Williams testified that he was parked on Highway 191 in the early morning hours of January 19, 2019. When the

Defendant drove by his location, Trooper Williams said that he noticed that the license plate on Defendant's truck was not illuminated. Trooper Williams pulled out behind Defendant and followed him for approximately one-half mile. While following Defendant, Trooper Williams said that he "observed [Defendant] cross the fog line." When Defendant activated his left turn signal, Trooper Williams activated his blue lights and stopped Defendant. Trooper Williams said that he had intended to observe Defendant "a little further, [to] kind of see how he was driving."

Trooper Williams's vehicle was equipped with a video recording system, and the State played a fifteen-minute portion of the video for the jury. The video was entered as Exhibit 2. The video begins with Trooper Williams following Defendant's pickup truck. Based on the video display, the camera was activated at "22:01," Defendant initiated his left turn signal at "22:29," and Trooper Williams activated his blue lights at "22:34." Because Defendant's truck's license plate was illuminated by the headlights of Trooper Williams' vehicle, it is unclear in the video whether the license plate lamp on Defendant's truck was working. Trooper Williams agreed that during the thirty-three seconds of the video that were recorded before Trooper Williams initiated his blue lights, Defendant maintained his truck within a single lane of travel, and his truck did not cross the fog line.

Because Defendant does not challenge the sufficiency of the evidence for his DUI conviction, we only briefly discuss what occurred after Trooper Williams initiated his blue lights. Trooper Williams testified that when he approached Defendant that he detected an odor of alcohol and saw that Defendant's eyes were "watery and bloodshot." Defendant admitted to Trooper Williams that "he had one to two alcoholic beverages" and that he probably should not have been driving. Defendant failed three field sobriety tasks. Trooper Williams placed Defendant under arrest for DUI, failure to illuminate the registration plate of his vehicle, and failure to maintain his vehicle within a single lane of a roadway laned for traffic. Trooper Williams then read the State of Tennessee's Implied Consent Form and discussed the consequences of refusing to provide a sample. Defendant refused to provide a breath or blood sample and refused to sign the Implied Consent Form.

Before the jury returned its verdict, Defendant stipulated that if the jury found him guilty of DUI that it would be a second offense. The trial court also determined that Defendant violated the implied consent law. Following deliberations, the jury convicted Defendant of DUI and acquitted Defendant of failure to illuminate his registration plate and failure to maintain his vehicle within a single lane of a roadway laned for traffic. The court sentenced Defendant to eleven months and twenty-nine days for a second offense DUI, with release after forty-five days and the remainder of the sentence to be served on supervised probation.

Defendant timely filed a motion for new trial, which the trial court denied.[1] Defendant late-filed a notice of appeal; however, this court waived the timely filing of the notice of appeal in the interests of justice.

## Analysis

Defendant presents a single issue on appeal claiming that the jury's failure to convict him of Counts Three and Four resulted in "inconsistent verdicts" that negated the "probable cause" for Trooper Williams to conduct the traffic stop.[2] In support of this claim, Defendant argues that in *State v. Davis*, 466 S.W.3d 49 (2015), the supreme court, while not granting relief on inconsistent verdicts, in dicta did address the other states that grant such relief. In rejecting the defendant's inconsistent verdict argument, the *Davis* court stated was that: "Over forty years ago, this Court rejected the argument that reversible error occurred when a jury returned inconsistent convictions and acquittals on multiple counts against a single defendant." *Davis*, 466 S.W.3d at 76, citing *Wiggins v. State*, 498 S.W.2d 92 (Tenn. 1973). In *Wiggins*, the Supreme Court stated:

> Consistency in verdicts for multiple count indictments is unnecessary as each count is a separate indictment. Therein lies the essential reasoning. An acquittal on one count cannot be considered res judicata to another count even though both counts stem from the same criminal transaction. This Court will not upset a seemingly inconsistent verdict by speculating as to the jury's reasoning if we are satisfied that the evidence establishes guilt of the offense upon which the conviction was returned.

*Wiggins*, 498 S.W.2d at 93–94.

To the extent that Defendant is arguing that he is entitled to a new trial because the verdicts were inconsistent, we conclude that there was sufficient evidence for a rational trier of fact to convict Defendant of DUI. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also* Tenn. R. App. P. 13(e). Trooper Williams had a long history of experience and training in DUI detection and assessment. *See Yeargan*, 958 S.W.2d at 632. When Trooper Williams approached Defendant, he detected an odor of alcohol and saw Defendant's "watery and bloodshot" eyes. Defendant admitted to Trooper Williams that "he had one to two alcoholic beverages" and that he probably should not have been driving. Defendant failed three field sobriety tasks.

---

[1] Defendant did not file a motion to suppress or otherwise challenge the reasonableness of the traffic stop before or during trial. Defendant first raised "probable cause" as an issue in his Motion for New Trial, claiming that, because the jury found Defendant not guilty in Counts Three and Four, "the Trooper did not have probable cause or standing" for a DUI stop.

[2] The correct standard for the stop is reasonable suspicion not probable cause.

## **Conclusion**

For the foregoing reasons, we affirm the judgments of the trial court.

_____
ROBERT L. HOLLOWAY, JR., JUDGE