IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned On Briefs March 29, 2011

## WILLIAM PAUL BOGUS v. JIM MORROW, WARDEN and STATE OF TENNESSEE

Appeal from the Circuit Court for Bledsoe County
No. 2010-CR-44     J. Curtis Smith, Judge

No.  E2010-02368-CCA-R3-HC - Filed May 10, 2011

Petitioner, William Paul Bogus, was convicted of first degree felony murder.  *See State v. William Paul Bogus*, No. 02C01-9506-CC-00169, 1998 WL 22031, at *1 (Tenn. Crim. App., at Jackson, Jan. 22, 1998)*, perm. app. denied*, (Tenn. Nov. 2, 1998).  Petitioner later alleged in a petition for habeas corpus relief that his conviction was void because he was not convicted of the underlying felony and because the indictment was defective.  The lower court dismissed the petition without a hearing.  Petitioner appeals.  Because nothing on the face of the judgment shows that Petitioner's life sentence has expired or that the conviction is void, we affirm the dismissal of the petition for habeas corpus relief.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and J.C. MCLIN, JJ., joined.

William P. Bogus, Pro Se, Pikeville, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; and J. Michael Taylor, District Attorney General, for the appellee, State of Tennessee.

## OPINION

*Factual Background*

Petitioner was indicted in December of 1993 by the Dyer County Grand Jury for first degree premeditated murder, first degree felony murder, and aggravated robbery, for his role in the death of his wife.  *State v. William Paul Bogus*, 1998 WL 22031, at *1.  The facts at

trial showed that Petitioner's wife was a waitress at Shoney's. *Id.* On the night of her death, she took home thirty-one dollars in tips in one-dollar bills. *Id.* According to several witnesses, Petitioner was looking for drugs, specifically cocaine, and was seen with a large quantity of one-dollar bills. *Id.* at *2-4. Petitioner was convicted by a jury of first degree felony murder and sentenced to life without the possibility of parole. *Id.* at *1. On appeal, this Court affirmed the judgment of the trial court. *Id.* The Supreme Court denied permission to appeal.

Petitioner subsequently sought post-conviction relief, claiming ineffective assistance of trial and appellate counsel, juror misconduct, insufficient evidence, and suppression of exculpatory evidence. *William Paul Bogus v. State*, No. W2000-00348-CCA-R3-PC, 2001 WL 91737 (Tenn. Crim. App., at Jackson, Jan. 31, 2001), *perm. app. denied*, (Tenn. May 7, 2001). This Court denied post-conviction relief on appeal. *Id.* at *10. The supreme court denied permission to appeal.

On September 17, 2007, Petitioner filed the petition for writ of habeas corpus at issue herein. In the petition, he claimed that his conviction for felony murder was "in direct contravention" of the to statute because he "was not found guilty of the stated underlying felony of Robbery, . . . or any lesser-included offense . . . ." Petitioner also claimed that he was convicted as the result of a defective indictment. Specifically, Petitioner claimed that Count Three of the indictment classified aggravated robbery as a "Class A" felony when in reality it is a Class B felony. Petitioner asserted that the improper classification was a violation of his rights to "due process and a fair trial."

The habeas corpus court entered an order on November 9, 2010, dismissing the petition for habeas corpus relief. The habeas court noted that there was no requirement that Petitioner be convicted of the underlying felony and that this Court had upheld Petitioner's conviction on direct appeal. Additionally, the habeas corpus court determined that the indictment was valid.

Petitioner filed a timely notice of appeal. On appeal, Petitioner abandons his challenge to the indictment but insists that the habeas corpus court improperly dismissed his petition. Specifically, Petitioner contends that he is entitled to habeas corpus relief because he was not convicted of the underlying felony.

*Analysis*

The determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). As such, we will review the habeas corpus court's findings de novo without a presumption of correctness. *Id.* Moreover, it is

the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 955 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T.C.A. § 29-21-109; *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007); *Hickman*, 153 S.W.3d at 19-20; *Archer*, 851 S.W.2d at 165. A habeas corpus court "properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." *Summers*, 212 S.W.3d at 260; *see also Hickman*, 153 S.W.3d at 21.

Petitioner alleges that he is entitled to habeas relief because he was convicted of felony murder without being convicted of the underlying felony. We disagree. It is well-settled that "[c]onsistency in verdicts for multiple count indictments is unnecessary as each count is a separate indictment." *Wiggins v. State*, 498 S.W.2d 92, 93-94 (Tenn. 1973). "[T]his Court has consistently declined to disturb one conviction on the basis that the jury's acquittal on another offense is inconsistent, even when the elements and evidence of the two offenses intertwine or are the same." *State v. Shane Michael Grogger*, No. M2008-02015-CCA-R3-CD, 2009 WL 3832921, at *14 (Tenn. Crim. App., at Nashville, Nov. 17, 2009), *perm. app. denied*, (Tenn. Apr. 14, 2010) (specifically upholding a felony murder conviction where the defendant was not convicted of the underlying felony).

Furthermore, in considering this issue, the habeas corpus court determined that Petitioner was essentially challenging the sufficiency of the convicting evidence. The habeas corpus court reiterated that a claim challenging the sufficiency of the evidence is not cognizable in a habeas corpus proceeding. *See Gant v. State*, 507 S.W.2d 133, 136 (Tenn. Crim. App. 1973) (stating that habeas corpus proceedings may not be used to challenge the sufficiency of evidence presented at trial). Moreover, the sufficiency of the convicting evidence was upheld on direct appeal. *See William Paul Bogus*, 1998 WL 22031, at *1. The Tennessee Supreme Court has held that pursuant to the law of the case doctrine an appellate court may not consider issues that have been previously determined on appeal:

> [U]nder the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal. The doctrine applies to issues that were actually before the appellate court in the first appeal and to issues that were necessarily decided by implication. The doctrine does not apply to dicta.

*Memphis Publ'g Co. v. Tenn. Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn. 1998) (internal citations omitted); *see also Creech v. Addington*, 281 S.W.3d 363, 383 (Tenn. 2009). Therefore, we also conclude that this Court has previously determined this issue. Petitioner has not shown that his judgment is void or that his sentence has expired. Accordingly, Petitioner is not entitled to relief on this issue.

*Conclusion*

For the foregoing reasons, the judgment of the habeas corpus court is affirmed.

_____
JERRY L. SMITH, JUDGE