IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 6, 2015

## CRYSTAL MIRANDA KIRBY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P39748      J. Robert Carter, Jr., Judge**

---

**No. W2014-00679-CCA-R3-HC  -  Filed March 26, 2015**

---

The petitioner, Crystal Miranda Kirby, appeals the denial of her petition for writ of habeas corpus, arguing that her judgment for first degree murder is void and illegal on its face because of the trial court's merger of her second degree murder conviction into the first degree murder conviction after separate judgments had already been entered and the jury had been dismissed. Following our review, we affirm the judgment of the habeas court summarily denying the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROGER A. PAGE, JJ., joined.

Crystal Miranda Kirby, Memphis, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; Amy P. Weirich, District Attorney General; and Paul Goodman, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

## FACTS

On April 5, 2007, the Campbell County Grand Jury indicted the petitioner with the first degree premeditated murder, first degree felony murder, and especially aggravated robbery of the victim, Jonathan Pierce. Following a jury trial, the petitioner was convicted of first degree premeditated murder, second degree murder, and especially aggravated robbery and sentenced by the trial court to concurrent terms of life, twenty-one years, and eighteen years, respectively. This court affirmed the convictions on direct appeal but remanded to the trial court for entry of an amended judgment to reflect that the conviction for second degree murder merged into the conviction for first degree murder.

State v. Crystal Miranda Kirby, No. E2008-01862-CCA-R3-CD, 2010 WL 1854137, at *1 (Tenn. Crim. App. May 7, 2010), perm. app. denied (Tenn. Sept. 22, 2010).

On January 15, 2014, the petitioner filed a petition for writ of habeas corpus in which she alleged that her dual convictions and sentences for first degree premeditated murder and second degree murder violated double jeopardy principles, thereby rendering the convictions illegal and void. The petitioner argued that "the trial court, not the Appellate Court, should have dismissed or vacated one of the counts, or at that time, merged the two counts into one (1) judgment of conviction because acceptance by the trial court of verdicts of guilty on both counts allowed the State to create separate offenses from one act."

On February 5, 2014, the habeas court entered an order summarily dismissing the petition on the basis that the petitioner's allegations did not entitle her to habeas corpus relief. Thereafter, the petitioner filed a timely notice of appeal to this court.

## ANALYSIS

On appeal, the petitioner argues that her conviction and sentence for first degree murder is void and illegal because the jury returned inconsistent guilty verdicts for "two different degrees of murder for the one offense" and the trial court failed to take corrective action to merge the verdicts before the jury was dismissed. The State responds by arguing, *inter alia*, that this court's remand to the trial court for an amended judgment reflecting the merger addressed the petitioner's double jeopardy complaint, the jury's verdicts were not inconsistent, and, even if inconsistent, consistency in verdicts on multiple-count indictments is not required. We agree with the State.

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)).

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, when a "habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." Summers,

212 S.W.3d at 260 (citing <u>Hogan v. Mills</u>, 168 S.W.3d 753, 755 (Tenn. 2005)).  Whether the petitioner is entitled to habeas corpus relief is a question of law.  <u>Id.</u> at 255; <u>Hart v. State</u>, 21 S.W.3d 901, 903 (Tenn. 2000).  As such, our review is *de novo* with no presumption of correctness given to the habeas court's findings and conclusions.  <u>Id.</u>

We conclude that the habeas court's summary dismissal of the petition was proper. This court addressed any double jeopardy issue by remanding to the trial court for merger of the offenses.  Furthermore, a double jeopardy claim, even if valid, does not render a conviction void and, thus, is not a cognizable claim for habeas corpus relief.  <u>See</u> <u>Tiffany Davis v. Brenda Jones, Warden</u>, No. M2014-00386-CCA-R3-HC, 2014 WL 3749443, at *2 (Tenn. Crim. App. July 30, 2014) ("[A] violation of principles of double jeopardy does not render a conviction void and, accordingly, occasions no cause for habeas corpus relief.") (citations omitted).  We disagree that the verdicts for first degree premeditated murder and second degree murder were inconsistent.  Regardless, as noted by the State, our supreme court long ago held that "[c]onsistency in verdicts for multiple count indictments is unnecessary as each count is a separate indictment" and must be individually supported by the evidence.  <u>Wiggins v. State</u>, 498 S.W.2d 92, 93-94 (Tenn. 1973).  Accordingly, we affirm the summary dismissal of the petition for writ of habeas corpus.

## <u>CONCLUSION</u>

Based on our review, we conclude that the petitioner has not stated a cognizable claim for habeas corpus relief.  Accordingly, we affirm the judgment of the habeas court dismissing her petition for writ of habeas corpus.

_____
ALAN E. GLENN, JUDGE

3